UNITED STATES, Appellee,

v.

Michael A. PEREIRA, Lance Corporal,
U.S. Marine Corps, Appellant.

No. 99–1001.
Crim.App. No. 97–1027.

U.S. Court of Appeals for
the Armed Forces.

Argued April 6, 2000.

Decided July 14, 2000.

The Court issued a Per Curiam opinion. CRAWFORD, C.J., filed a dissenting opinion.

For Appellant: *Lieutenant Commander Michael J. Wentworth,* JAGC, USN.

For Appellee: *Major Mark K. Jamison,* USMC (argued and on brief); *Colonel Kevin M. Sandkuhler,* USMC, and *Commander Eugene E. Irvin,* JAGC, USN (on brief).

PER CURIAM:

A general court-martial, composed of military judge alone, convicted appellant, pursuant to his pleas, of conspiracy to commit premeditated murder, conspiracy to commit robbery, conspiracy to commit aggravated assault, conspiracy to commit kidnapping, premeditated murder, robbery, aggravated assault, kidnapping, and carrying a concealed weapon, in violation of Articles 81, 118, 122, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 918, 922, 928, and 934, respectively. The court sentenced him to confinement for life, reduction to pay grade E–1, and a dishonorable discharge. The convening authority approved the sentence as adjudged. The Court of Criminal Appeals dismissed specification 3 of Charge I (conspiracy to commit aggravated assault) based upon the military judge's finding that it was multiplicious for sentencing with specification 1 of Charge I (conspiracy to commit murder). The lower court affirmed the remaining findings and sentence approved by the convening authority.

On appellant's petition to this Court, we granted review of the following issue:

WHETHER THE LOWER COURT ERRED IN AFFIRMING APPELLANT'S SEPARATE CONVICTIONS FOR SPECIFICATION 1 (CONSPIRACY TO COMMIT MURDER), SPECIFICATION 2 (CONSPIRACY TO COMMIT

ROBBERY), AND SPECIFICATION 3 (CONSPIRACY TO COMMIT KIDNAPPING) OF CHARGE I WHERE THERE WAS BUT ONE AGREEMENT TO COMMIT THE MULTIPLE SUBSTANTIVE OFFENSES.

For the reasons stated below, we conclude that specifications 1, 2, and 3 of Charge I should be consolidated into a single specification, and that the findings, as consolidated, and the sentence should be affirmed.

I

On May 6, 1996, appellant and three other Marines formed an agreement to assault, kidnap, rob, and kill another Marine, Lance Corporal Guerrero. During the extensive providence inquiry conducted by the military judge, appellant described the nature of the agreement, when it was formed, and whether appellant and his co-actors agreed at that time to commit all of the substantive offenses. Appellant consistently responded that he and his co-actors formed only one agreement, on May 6, 1996, to commit all of the charged substantive offenses.

The Government had ample opportunities to ensure that the record demonstrated separate conspiracies. Trial counsel could have requested that the military judge clarify this matter during the providence inquiry. Moreover, the stipulation of fact submitted for the record by the trial counsel provided a vehicle for the prosecution to demonstrate the existence of multiple conspiracies. The prosecution, however, did not avail itself of these opportunities. Instead, trial counsel submitted a stipulation that was consistent with appellant's statements during the providence inquiry, and that did not establish the existence of separate conspiracies. Based upon the Government's failure to clarify the record, despite numerous opportunities to do so, we conclude that the providence inquiry established the existence of only one agreement between appellant and his co-conspirators as a matter of law.

II

■ A single agreement to commit multiple offenses ordinarily constitutes a single conspiracy. *See Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942); *see also* para. 5c(3), Manual for Courts–Martial, United States (1998 ed.). As the Supreme Court stated in *Braverman*, "[O]ne agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one." *Id.* at 53, 63 S.Ct. 99. This is because the critical aspect of the offense of conspiracy is the agreement, not the object of the conspiracy. *Id.* at 53–54, 63 S.Ct. 99. Whether the object of a single agreement is to "commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes." *Id.* at 53, 63 S.Ct. 99.

■ In *United States v. Reliford*, 27 MJ 176 (CMA 1988)(summary disposition), this Court consolidated two conspiracy specifications, one to commit murder and one to commit robbery, where the record demonstrated that "there was one agreement between appellant and his co-actors to commit murder and robbery, ... [because] [i]n such situations there is one conspiracy." Similarly, in appellant's case, the record demonstrates that there was one agreement between appellant and his co-actors to commit murder, robbery, aggravated assault, and kidnapping. Under the circumstances of this case, there is only one conspiracy. *Id.* Therefore, we conclude that specifications 1, 2, and 3 of Charge I should be consolidated to allege one conspiracy to commit the murder, kidnapping, and robbery of Lance Corporal Guerrero. However, because appellant was also convicted of premeditated murder, an offense for which the life sentence was mandatory, we are satisfied that appellant suffered no prejudice as to his sentence.

Specifications 1, 2, and 3 of Charge I are consolidated into a single specification to read as follows:

In that Lance Corporal Michael A. Pereira, U.S. Marine Corps, Combat Support Company, 3d Marines, 3d Marine Division, on active duty, did, on the island of Oahu, Hawaii, on or about 6 May 1996, conspire with Lance Corporals Daryl A. Antle, Wil-

liam J. Baer, and Alejandro Soto, U.S. Marine Corps, to commit offenses under the Uniform Code of Military Justice, to wit: the robbery of a motor vehicle, various car stereo components, and other items of personal property, of a value over $100.00, the property of Lance Corporal Juan R. Guerrero, U.S. Marine Corps, and the kidnapping and murder of Lance Corporal Juan R. Guerrero, U.S. Marine Corps, and in order to effect the objects of the conspiracy, the said Lance Corporals Antle, Baer, Pereira, and Soto did meet at the residence of Lance Corporal Pereira aboard Marine Corps Base Hawaii on or about 7 May 1996, and Lance Corporal Baer did bring duct-tape, and Lance Corporal Pereira did bring a pistol, and Lance Corporal Pereira did ask Lance Corporal Juan R. Guerrero, U.S. Marine Corps, to come to his residence where they planned to assault Lance Corporal Guerrero, and where Lance Corporals Antle, Baer, Pereira, and Soto did then beat Lance Corporal Guerrero with a club, stun him with an electronic stun-gun, punch, kick, and choke him, and Lance Corporals Antle, Baer, Pereira, and Soto did then tape Lance Corporal Guerrero's legs, arms, body, and head with the duct-tape, and by means of said force and violence, and by putting Lance Corporal Guerrero in fear, steal said property of Lance Corporal Guerrero, and wrap Lance Corporal Guerrero in a car cover, load him into a vehicle, and take him to a secluded area where they shot Lance Corporal Guerrero in the head.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals as to Charge I and its specification (consolidated), Charges II through V and the specifications thereunder, and the sentence is affirmed.

## CRAWFORD, Chief Judge (dissenting):

RCM 1003(c)(1)(C), Manual for Courts-Martial, United States (1998 ed.), sought to adopt the "same evidence" rule as set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under RCM 1003(c)(1)(C), "offenses are not separate if each does not require *proof of an element not required to prove the other.*" Clearly under the "same evidence" rule, the "proof" as to each conspiracy specification in this case is different. Accordingly, they are not multiplicious. The crimes sought to be committed, murder, robbery, and kidnapping, as well as the overt acts, are different.

Relying on *Blockburger*, the Court stated in *Braverman v. United States*, 317 U.S. 49, 54, 63 S.Ct. 99, 87 L.Ed. 23 (1942):

Since the single continuing agreement, which is the conspiracy here, thus embraces its criminal objects, it differs from successive acts which violate a single penal statute and *from a single act* which violates two statutes.

In *United States v. Broce*, 488 U.S. 563, 570–71, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the Supreme Court said:

We held in *Braverman* ... that "[t]he gist of the crime of conspiracy as defined by the statute is the agreement ... to commit one or more unlawful acts," from which it follows that "the precise nature and extent of the conspiracy must be determined by reference to the agreement which embraces and defines its objects." A single agreement to commit several crimes constitutes one conspiracy. By the same reasoning, multiple agreements to commit separate crimes constitute multiple conspiracies. When respondents pleaded guilty to two charges of conspiracy on the explicit premise of two agreements which started at different times and embraced separate objectives, they conceded guilt to two separate offenses.

As did the respondents in *Broce*, appellant had the opportunity to plead not guilty to any and all of the four different specifications of conspiracy. He had the liberty to challenge the proof and show but one conspiracy. However, he chose to plead guilty, eliminating the need for the Government to produce detailed evidence. Consequently, appellant has forfeited this issue. *See United States v. Lloyd*, 46 MJ 19 (1997).

The challenged specifications are not facially duplicative. They do not necessarily constitute an unreasonable piling on of

charges under the facts of this case. RCM 307(c)(4); *see United States v. Foster*, 40 MJ 140, 144 n. 4 (CMA 1994). The three conspiracies of which appellant remains convicted after review at the Court of Criminal Appeals (conspiracies to commit murder, robbery, and kidnapping), require proof of different elements. Even if the conspiracies to kidnap and rob were somehow the means by which the conspirators decided to murder the victim, appellant would be entitled to no relief. *See United States v. Oatney*, 45 MJ 185 (1996); *United States v. Teters*, 37 MJ 370 (CMA 1993); *United States v. Neblock*, 45 MJ 191, 202 (1996) (Crawford, J., concurring in the result).

Additionally, in *Braverman*, the Government conceded that there was but one conspiracy agreement. 317 U.S. at 52, 63 S.Ct.

---

\* Braverman has been routinely distinguished by courts for the last 45 years. *See e.g., Albernaz v. United States*, 450 U.S. 333, 339–40, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *United States v.*

99.\* The Government also conceded that there was only one conspiracy in *United States v. Reliford*, 27 MJ 176–77 (1988) (summary disposition). There has been no such concession by appellee in this case. To the contrary, the Government asserts, and I agree, that the limited evidence in this case shows three separate agreements to commit three different felonies, each punishable under the Uniform Code of Military Justice as separate and distinct offenses. As appellant has foreclosed the Government from the opportunity to present evidence by virtue of his guilty plea to separate conspiracies, he cannot now be heard to complain that he was improperly convicted. *See Broce*, 488 U.S. at 572, 109 S.Ct. 757.

I would affirm the lower court's decision.

---

*Ervasti*, 201 F.3d 1029, 1040 n. 10 (8th Cir. 2000); *United States v. Smith*, 574 F.2d 308, 311 (5th Cir.1978); *United States v. James*, 494 F.2d 1007, 1025–26 (D.C.Cir.1974).