# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant DAVID J. POGGIOLI**
**United States Army, Appellant**

ARMY 20110656

Headquarters, I Corps (Rear) (Provisional)
Kwasi Hawks, Military Judge
Lieutenant Colonel John T. Rawcliffe, Acting Staff Judge Advocate (pretrial)
Colonel Kurt A. Didier, Staff Judge Advocate (recommendation)
Lieutenant Colonel John T. Rothwell, Acting Staff Judge Advocate (addendum)

For Appellant:  Major Jacob D. Bashore, JA; Captain Ian M. Guy, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Major Alison L. Gregoire, JA (on brief).

1 July 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

GALLAGHER, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy to commit larceny, one specification of false official statement, and four specifications of larceny of a value exceeding $500.00 in violation of Articles 81, 107, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 907, 921 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge and three months of confinement.

This case is before us for review under Article 66, UCMJ.  Appellate counsel raised two issues to this court and appellant personally raised matters pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).  We find one of the issues raised by appellate counsel merits discussion and relief.  The remaining assignment of error and those matters personally raised by appellant are without merit.  We additionally find an issue not raised by the parties that merits discussion and relief.

**BACKGROUND**

In Specifications 1–4 of Charge I, appellant was charged with stealing money, on different dates, each time in excess of $500.00, which was the property of Credit First National Association (CFNA). The charges arose from appellant and Private (PVT) JJ utilizing a JP Morgan Chase bank account belonging to CFNA to pay the personal bills of appellant. Private JJ and appellant did not have the authority to utilize the CFNA funds. The JP Morgan Chase bank account was a zero-balance account into which CFNA automatically transferred funds each day to cover that day's debits.

During the providence inquiry, appellant generally informed the military judge that there were four larcenies in which CFNA funds were transferred from the JP Morgan Chase account to pay a portion of appellant's Army and Air Force Exchange Service Star Card (AAFES Star Card) balance. He related that each larceny happened in the following manner: appellant and PVT JJ purchased items from the PX using appellant's Star Card; then appellant called the AAFES Star Card representative from his car located in the PX parking lot to make an account payment by electronically transferring CFNA funds. To effect the transfer, either appellant or PVT JJ provided the AAFES Star Card representative with the account information causing a transfer of funds. During the inquiry into the false official statement offense, appellant informed the military judge that "separate and apart from" the four AAFES Star Card transactions, there were also multiple fraudulent transfers to appellant's United Services Automobile Association (USAA) accounts and to his Hong Kong and Shanghai Banking Corporation (HSBC) account.

The attachments to the stipulation of fact included bank statements from JP Morgan Chase and credit card statements from appellant's AAFES Star Card. In contrast to what the appellant told the military judge, the attachments indicate only one payment, in the amount of $2500.00, was paid to appellant's AAFES Star Card. However, the bank statements also indicate two payments in excess of $500.00 were made to appellant's USAA credit card and one payment, in the amount of $275.38, was made to his HSBC card. Additionally, another payment to appellant's USAA account in the amount of $2,500.00 was attempted but was blocked.

**LAW AND DISCUSSION**

For the reasons set forth below, we find a substantial basis in law and fact for questioning the military judge's acceptance of appellant's guilty plea to Specifications 2, 3, and 4 of Charge I.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "In doing so, we apply

the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322. "The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (CMA 1980). If an accused sets up a matter inconsistent with the plea at any time during a guilty plea proceeding, the military judge must resolve the conflict or reject the plea. UCMJ art. 45(a); *see also* Rule For Courts-Martial [hereinafter R.C.M.] 910(h)(2).

The attachments to the stipulation of fact directly contradict the factual basis provided by appellant for the larcenies charged in Specifications 2, 3, and 4 of Charge I. Even though the extensive Star Card account statements establish only one payment was made anytime near the charged dates, the military judge failed to reconcile this significant fact with appellant's assertions which indicated there were four payments to the Star Card account, separate and apart from the payments to USAA and HSBC. While the attachments may have provided a basis to support Specifications 2-4, based on payments from CFNA to appellant's USAA and HSBC accounts, appellant did not provide a factual basis for such larcenies.

The government posits that to whom the payment went is not an element and therefore a mistake as to the entity receiving payment is not an impediment to affirming appellant's convictions of Specifications 2–4 of Charge I. We disagree on the facts of this case. A provident plea to larceny based on a theory of wrongfully obtaining by false pretenses and vicarious liability for a co-conspirator's actions requires a more detailed discussion of who represented what to whom than the military judge obtained in this case.[*] If each larceny was indeed exactly as appellant related for Specification 1, the inquiry may have been sufficient. However, the attachments to the stipulation cast significant doubt that such was the case.

---

[*] The following colloquy is the extent to which the military judge questioned appellant on the factual circumstances surrounding Specifications 2, 3, and 4 of Charge I:

> MJ: Now, for those [dates] we talked about briefly, was there anything really different from the first time? In other words, in each case did you go to the PX, you bought some stuff together, you go back to the parking lot, you make the phone call?
>
> ACC: It was very routine, sir, it wasn't a large variety of items, it was very similar items each time.

Accordingly, we find there is a substantial basis in law and fact to question appellant's plea of guilty to Specifications 2, 3, and 4 of Charge I. *See United States v. Care,* 40 C.M.R. 247, 253 (C.M.A. 1969). As such, we will take appropriate action in our decretal paragraph.

Further, while not raised by the parties, we find there is a substantial basis in law and fact to question appellant's plea of guilty to conspiring with PVT JJ "on divers occasions" in Charge III and its Specification. In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *Davenport*, 9 M.J. at 367. Here, Charge III and its Specification alleged appellant did "on divers occasions between 10 August 2010 and on or about 21 August 2010, conspire with" with PVT JJ to commit larceny in excess of $500.00. However, appellant did not provide a sufficient factual basis to establish there was more than one agreement to commit larceny. Instead he admitted to conspiring with PVT JJ on but one occasion to commit several larcenies. *See Manual for Courts-Martial, United States* (2008 ed.), pt. IV ¶ 5.c.(3) (an agreement to commit several offenses is ordinarily a single conspiracy). *See also United States v. Pereira*, 53 M.J. 183 (2000). As such, we find the military judge abused his discretion in accepting appellant's plea of guilty to conspiring with PVT JJ "on divers occasions" and we will take appropriate action in our decretal paragraph.

## CONCLUSION

Upon consideration of the entire record, submissions by the parties, and those matters personally raised by appellant pursuant to *United States v. Grostefon*, the findings of guilty of Specifications 2, 3, and 4 of Charge I are set aside. We approve and affirm only so much of Charge III and its Specification as provides: "In that [appellant], U.S. Army, did, at near Joint Base Lewis-McChord, Washington, between on or about 10 August 2010 and on or about 21 August 2010, conspire with Private (E-1) [JJ], U.S. Army, to commit an offense under the Uniform Code of Military Justice, to wit: larceny of U.S. Currency of a value in excess of $500.00, the property of Credit First National Association, and in order to effect the object of the conspiracy the said [appellant] provided his secure account information and on-line logon information to Private [JJ], for the purpose of transferring property of Credit First National Association to the credit accounts of [appellant]."

The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sale*s, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F.2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms only so much of the sentence as provides for a bad-conduct discharge and confinement for two months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the

4

findings and sentence set aside by this decision, are ordered restored.  *See* Articles 58b(c) & 75(a), UCMJ.

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court