No. 14–0519/AR.  U.S. v. Cerion R. Allen.  CCA 20120742.  On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, we agree with Appellant's personally asserted contention that the facts established during the plea inquiry and in the stipulation of fact demonstrate only a single conspiracy.  Appellant was convicted of one conspiracy to commit robbery (Specification 2 of Charge II) and one conspiracy to commit burglary (Specification 3 of Charge II), but the plea inquiry and stipulation of fact show that there was only one agreement between Appellant and his co-conspirators to break into and rob the alleged drug house.  Therefore, Specification 3 of Charge II should be consolidated with Specification 2 of Charge II to become a single specification. See *United States v. Pereira*, 53 M.J. 183 (C.A.A.F. 2000); *United States v. Reliford*, 27 M.J. 176 (C.M.A. 1988) (summary disposition).  Although the conspiracy offenses are consolidated, we are satisfied that Appellant suffered no prejudice as to his sentence.  Accordingly, it is ordered that said petition is granted on the following personally asserted issue:

> WHETHER IT WAS ERROR TO CONVICT APPELLANT SEPARATE-LY FOR SPECIFICATION 2 (CONSPIRACY TO COMMIT ROBBERY) AND SPECIFICATION 3 (CONSPIRACY TO COMMIT BURGLARY) OF CHARGE II.

Specifications 2 and 3 of Charge II are consolidated to allege the following conspiracy specification:

> CHARGE II: VIOLATION OF THE UCMJ, ARTICLE 81.
>
> SPECIFICATION 2: In that Private First Class Cerion R. Allen, U.S. Army, did, at or near Fort Bragg, North Carolina on or about 29 January 2011, conspire with Private (E1) Cordic L. Coleman, Private First Class Kamarques K. Dyess, Private (E1) Bryan C. N. Alston, and Private First Class Shelton A. Hunt to commit offenses under the Uniform Code of Military Justice, to wit: robbery with a firearm and burglary, and in order to effect the object of the conspiracy the said Private First Class Cerion R. Allen did dress in black, acquire a firearm, travel to the dwelling house of another, conceal his face, kick in the back door of said dwelling house to gain entrance, and enter the back door of said dwelling house.

The decision of the United States Army Court of Criminal Appeals is affirmed as to Charge I and its Specification, Charge II and Specification 2 (consolidated), Charges III through VI and their Specifications, and the sentence. [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 14–0519/AR.  U.S. v. Cerion R. Allen.  CCA 20120742.  [See also APPEALS—SUMMARY DISPOSITIONS this date.]