# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DERICK S. ZEMKE**
**United States Army, Appellant**

ARMY 20121069

Headquarters, Joint Readiness Training Center and Fort Polk
James L. Varley, Military Judge
Colonel Samuel A. Schubert, Staff Judge Advocate

For Appellant:  Major Vincent T. Shuler, JA; Captain Brian D. Andes, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Captain Daniel M. Goldberg, JA (on brief).

27 March 2015

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of conspiracy, two specifications of wrongful possession of a controlled substance, one specification of wrongfully introducing a controlled substance onto an installation used or controlled by the armed forces, one specification of wrongfully distributing a controlled substance, and two specifications of knowingly obtaining possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge, in violation of Articles 81, 112a, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 912a, 934 (2006).  The military judge sentenced appellant to a bad-conduct discharge, confinement for twenty-four months, forfeiture of $1,000 per month for twenty-four months, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as extends to a bad-conduct discharge, confinement for six months, forfeiture of $1,000 per month for six months, and reduction to the grade of E-1.

Appellant's case is before this court pursuant to Article 66, UCMJ. Three issues warrant discussion and relief. First, we consolidate appellant's two conspiracy convictions because appellant entered into a single agreement to commit multiple crimes. Second, although not raised by appellant, we dismiss two specifications for wrongfully possessing oxymorphone, as those offenses are necessarily included in appellant's convictions for knowingly obtaining possession of oxymorphone by misrepresentation, fraud, forgery, deception, or subterfuge. Third, we grant relief for unreasonable post-trial delay.

## BACKGROUND

In late 2011, appellant and a co-conspirator agreed to use fraudulent prescriptions to obtain oxymorphone from drug stores outside of Fort Polk, Louisiana. They brought the drugs back to the installation for redistribution, personal use, and sale. On 11 December 2011, appellant used a fraudulent prescription to obtain ninety pills from Walgreens and paid for them using TRICARE medical coverage. Consistent with the agreement, appellant used some of the illegally-obtained pills, gave some to co-conspirators, and sold some of the pills. On 6 February 2012, appellant and his co-conspirator again used a fraudulent prescription to obtain oxymorphone pills from Dan's Family Pharmacy, and used TRICARE to pay for them. Immediately thereafter, detectives from the local parish sheriff's department arrested the soldiers as they attempted to leave the store.

## LAW AND DISCUSSION

### a. Conspiracy

Appellant pleaded guilty to two conspiracy specifications: 1) conspiring to knowingly obtain oxymorphone by misrepresentation, fraud, forgery, deception, or subterfuge, and 2) conspiring to wrongfully distribute that oxymorphone. The government alleged that appellant entered these two conspiracies with the same person during the same dates. As we explained in an earlier decision:

> "[C]onspiracy is a partnership in crime." *Pinkerton v. United States*, 328 U.S. 640, 644 (1946). The essence of a conspiracy is in the "agreement or confederation to commit a crime, and that is what is punishable as a conspiracy, if any overt act is taken in pursuit of it." *United States v. Bayer*, 331 U.S. 532, 542 (1947); *see Braverman v. United States*, 317 U.S. 49, 53 (1942). As such, it is ordinarily the agreement that forms the unit of prosecution for conspiracy, "even if it contemplates the commission of several offenses." Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* 683 (3rd ed. 1982) (citing *Braverman*, 317 U.S. at 53); see *United States v. Pereira*, 53 M.J. 183, 184 (C.A.A.F. 2000) (finding single conspiracy to commit murder,

robbery, and kidnapping); *cf. United States v. Universal C. I. T. Credit Corp.*, 344 U.S. 218, 221 & n.3 (1952) (introducing concept of "unit of prosecution").

*United States v. Finlayson*, 58 M.J. 824, 826 (Army Ct. Crim. App. 2003). Among the factors we use to determine the number of conspiracies include "(1) the objectives and (2) nature of the scheme in each alleged conspiracy; (3) the nature of the charge and (4) the overt acts alleged in each; (5) the time and (6) location of each of the alleged conspiracies; (7) the conspiratorial participants in each; and (8) the degree of interdependence between the alleged conspiracies." *Id.* at 827.

At his providence inquiry, appellant stated "[t]he agreement was when we filled the [oxymorphone prescriptions] that we were going to come back and give [another soldier] some . . . ." Thus his own words evidence a single agreement to commit multiple crimes. Furthermore, trial counsel conceded, "the conspiracy was essentially to commit both offenses." We consolidate the two conspiracy specifications to conform the pleadings with the providence inquiry.

### b. Multiplicity

Appellant was charged and convicted of both wrongful possession of oxymorphone in violation of Article 112a, UCMJ (Specifications 1 and 2 of Charge II), and knowingly obtaining possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge in violation of 21 U.S.C. § 843(a)(3) (Specifications 1 and 2 of Charge III – charged under all three clauses of Article 134, UCMJ). In the companion case of *United States v. Radzuik*, ARMY 20120867, 2015 CCA LEXIS 41 (Army Ct. Crim. App. 9 February 2015), we determined the wrongful possession offenses under Article 112a, UCMJ, were necessarily included within the Title 21 offenses. The same reasoning in *Radzuik* applies equally here, and we grant similar relief in our decretal paragraph.

### c. Dilatory Post-Trial Processing

Appellant requests relief to remedy the dilatory post-trial processing of his case. We agree. The convening authority took action 350 days after the sentence was adjudged. The record in this case consists of two volumes, and the trial transcript is 159 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."); *see generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*,

68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

The government explains there was a backlog of military justice matters at Fort Polk and that the military justice section of the Office of Staff Judge Advocate prioritized more serious cases than this one, resulting in the delay. Despite this explanation, we find relief in this case is appropriate because the delay between announcement of sentence and action could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. We provide relief in our decretal paragraph.

### d. Reassessment

Given the errors noted above, we are confident, considering the remaining specifications, that we can reassess appellant's sentence at our level. *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013); *United States v. Sales,* 22 M.J. 305, 307 n.3 (C.M.A. 1986). We note that the military judge treated the conspiracy specifications at issue as one specification for sentencing purposes. Further, the gravamen of appellant's misconduct remains unchanged.

Appellant also elected trial by judge alone, and we "are more likely to be certain of what a military judge would have done as opposed to members." *Wincklemann*, 73 M.J. at 16. Finally, being sufficiently familiar with the remaining offenses, we can reliably assess what sentence would have been imposed on the remaining findings of guilt. *Id*. We are confident the military judge would have adjudged at least the same sentence as approved by the convening authority. *See* UCMJ art. 66(c) ("[A] Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority.").

### CONCLUSION

Upon consideration of the entire record, Specifications 1 and 2 of Charge I are consolidated into a single specification to read as follows:

> In that Specialist Derick S. Zemke, U.S. Army, did, at or near Fort Polk, Louisiana, between on or about 10 December 2011 and on or about 6 February 2012, conspire with Specialist Donald R. Flanagan to commit offenses under the Uniform Code of Military Justice, to wit: knowingly obtaining possession of a controlled substance, oxymorphone, by misrepresentation, fraud, forgery, deception or subterfuge in violation of Title 21, United States Code, Section 843, such conduct being prejudicial to good order and discipline in the armed forces or of a

nature to bring discredit upon the armed forces, and wrongful distribution of oxymorphone, a controlled substance, and in order to effect the object of the conspiracy the said Specialist Derick S. Zemke did present a fraudulent prescription for oxymorphone (Opana) to Don's Family Pharmacy, Leesville, Louisiana.

That specification as consolidated is affirmed. The findings of guilty of Specifications 1 and 2 of Charge II are set aside, and Specifications 1 and 2 of Charge II are dismissed. The remaining findings of guilty are affirmed. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as extends to a bad-conduct discharge, confinement for five months, forfeiture of $1,000 per month for five months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the finding and sentence are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court