# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOHN DADSON**
**United States Army, Appellant**

ARMY 20160305

Headquarters, U.S. Army Alaska
Jeffery D. Lippert, Military Judge
Colonel Erik L. Christiansen, Staff Judge Advocate

For Appellant:  Colonel Mary J. Bradley, JA (on brief); Major Christopher D. Coleman, JA.

For Appellee:  Pursuant to A.C.C.A.  Rule 15.2, no response filed.

17 November 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of conspiracy, one specification of wrongful sale of military property, and one specification of larceny of military property, in violation of Articles 81, 108, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 908, 921 (2012) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, six months of confinement, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ.  While neither appellant nor his appellate counsel raise any allegations of error, we find he should have been convicted of only one specification of conspiracy.  *See United States v. Chandler*, 74 M.J. 674, 686 (Army Ct. Crim. App. 2015).

Appellant was found guilty, *inter alia*, of two separate specifications of conspiracy with another specialist:  1) conspiracy to commit larceny of military property; and 2) conspiracy to commit wrongful sale of military property.

A conspiracy exists when one "enters into an agreement with" another and "performs an overt act for the purpose of bringing about the object of the conspiracy." *Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 5.b(1). "Whether a single conspiracy or multiple conspiracies existed in a given circumstance is a question of fact determined by reference to the totality of the circumstances. *United States v. Finlayson*, 58 M.J. 824, 827 (Army Ct. Crim. App. 2003) (citing *United States v. Fields*, 72 F.3d 1200, 1210 (5th Cir. 1996); 16 AM. JUR. 2D *Conspiracy* § 11 (2002)). As the United States Supreme Court noted long ago, "the character and effect of a conspiracy [are] not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole." *United States v. Patten*, 226 U.S. 525, 544 (1913). "A single agreement to commit multiple offenses ordinarily constitutes a single conspiracy." *United States v. Pereira*, 53 M.J. 183, 184 (C.A.A.F. 2000). "The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one." *Braverman v. United States*, 317 U.S. 49, 53 (1942)

The factors used to determine the number of conspiracies include: "(1) the objectives and (2) nature of the scheme in each alleged conspiracy; (3) the nature of the charge and (4) the overt acts alleged in each; (5) the time and (6) location of each of the alleged conspiracies; (7) the conspiratorial participants in each; and (8) the degree of interdependence between the alleged conspiracies." *United States v. Inman*, ARMY 20150042, 2016 CCA LEXIS 286 (Army Ct. Crim. App. 4 May 2016) (citing *Finlayson*, 58 M.J. at 827).

After weighing these factors, we conclude, under the totality of the circumstances, appellant and his co-conspirator engaged in a single conspiracy to effectuate the object of the conspiracy "to steal and sell military property." We conclude that sufficient facts to distinguish separate conspiracies from one another do not exist, and appellant and his co-conspirator had a single criminal agreement to commit larceny and wrongful sale of military property.

## CONCLUSION

After consideration of the entire record of trial, Specifications 1 and 2 of Charge III are consolidated into a single specification, denominated the Specification of Charge III, to read as follows:

> In that [appellant], U.S. Army, did, at or near Joint Base Elmendorf-Richardson, Alaska, between on or about 1 February 2015 and 1 June 2015, conspire with Specialist Anthony Entwistle to commit offenses under the Uniform Code of Military Justice, to wit: larceny and wrongful sale of military property, of a value over $500.00, the property

of the U.S. Army, and in order to effect the objects of the
conspiracy the said SPC Dadson and the said SPC
Entwistle did steal and sell military property.

The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We are confident that based on the entire record and appellant's course of conduct, the military judge would have imposed a sentence of at least that which was adjudged and approved, and accordingly we AFFIRM the sentence.

All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Judge HERRING and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court