UNITED STATES, Appellee

v.

Nicholas R. ELESPURU, Airman First Class
U.S. Air Force, Appellant

No. 14-0012

Crim. App. No. 38055

United States Court of Appeals for the Armed Forces

Argued January 13, 2014

Decided July 15, 2014

RYAN, J., delivered the opinion of the Court, in which ERDMANN, STUCKY, and OHLSON, JJ., joined. BAKER, C.J., filed a separate opinion concurring in part and dissenting in part.


Counsel

For Appellant: Captain Isaac C. Kennen (argued).

For Appellee: Major Daniel J. Breen (argued); Captain Matthew J. Neil and Gerald R. Bruce, Esq. (on brief); Colonel Don M. Christensen.


Military Judge: Vance H. Spath


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Elespuru, 14-0012/AF

Judge RYAN delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of Charge I, Specification 2, divers occasions of abusive sexual contact, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2006) (amended by National Defense Authorization Act for Fiscal Year 2006, Pub. L. No. 109-163, § 552, 119 Stat. 3136 (2006)); Charge I, Specification 3, divers occasions of wrongful sexual contact, in violation of Article 120, UCMJ; and Charge II, Specification 1, assault consummated by a battery, in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2006). Consistent with his pleas, Appellant was found not guilty of two specifications: aggravated sexual assault and assault consummated by a battery. The adjudged and approved sentence provided for a reduction to E-1, thirty-six months of confinement, and a dishonorable discharge.

The United States Air Force Court of Criminal Appeals (AFCCA) affirmed the findings and sentence as approved by the convening authority. United States v. Elespuru, No. ACM 38055, 2013 CCA LEXIS 644, at *14, 2013 WL 3969545, at *4 (A.F. Ct. Crim. App. July 9, 2013) (per curiam). We granted Appellant's petition to review the following issue:

> WHETHER SPECIFICATIONS 2 [ABUSIVE SEXUAL CONTACT] AND
> 3 [WRONGFUL SEXUAL CONTACT] OF CHARGE I ARE
> MULTIPLICIOUS.

Appellant knowingly waived his multiplicity claim. However, we set aside the wrongful sexual contact conviction -- Charge I, Specification 3 -- because the Government charged these specifications in the alternative for exigencies of proof and he remains convicted of both offenses.

## I.  FACTS

One evening in August 2010, AEL consumed a number of alcoholic beverages, including a beer at a bowling alley followed by "a vodka cranberry, a Jell-O shot, and [a mini-bottle]" at another location.  Later that night, she went to Appellant's apartment where she ingested prescription medication that made it difficult for her to stay awake, and she fell asleep on Appellant's couch.  Appellant then proceeded to touch AEL on four distinct occasions -- each occasion separated by AEL awaking, telling Appellant to stop, and Appellant complying until after AEL fell back asleep.  On the first occasion, she awoke to his hand touching her breast on the outside of her shirt.  On the second, she awoke to Appellant touching her breast inside her shirt.  On the third, she woke up to his hands touching her vaginal area over her shorts.  On the fourth, she awoke to Appellant's hands inside her underwear in the vaginal area.

Based on this conduct, Appellant was charged with both abusive sexual contact and wrongful sexual contact.  Appellant

submitted a Motion for Unreasonable Multiplication of Charges for Findings or Finding Charges Multiplicious for Sentencing. While discussing this motion, defense counsel conceded that the elements test for lesser included offenses was not met and that Appellant's charge of wrongful sexual contact was not a lesser included offense of abusive sexual contact. The trial counsel and military judge agreed.

In response to Appellant's argument that there was an unreasonable multiplication of charges, the Government stated that the offenses were charged not as lesser included offenses, but in the alternative for exigencies of proof. The Government stated that it included the wrongful sexual contact specification because this specification was easier to prove than abusive sexual contact, given the inherent difficulties of establishing an individual's incapacitation through the testimony of someone who was incapacitated at the time of the alleged offense. Trial counsel therefore agreed that, "In the event [Appellant] is found guilty of Charge I Specification 2 [abusive sexual contact] and Charge I Specification 3 [wrongful sexual contact] this Court should merge the offenses for calculation of maximum punishment." The military judge denied Appellant's motion with respect to the unreasonable multiplication of charges but stated that if Appellant was

4

convicted on both charges that they would be merged for sentencing.

After the members found Appellant guilty of both abusive sexual contact and wrongful sexual contact, the military judge reduced the maximum sentence of eight-and-one-half years to seven and one-half years as a result of the merger of these specifications for sentencing, while including time for the assault charge. See Manual for Courts-Martial, United States Maximum Punishment Chart app. 12 at A12-4, A12-5 (2008 ed.) (MCM).

## II. AFCCA DECISION

On appeal to the AFCCA, Appellant asserted, among other things, that the specifications for abusive sexual contact and wrongful sexual contact were multiplicious. Brief for Appellant at 10, Elespuru, No. ACM 38055, 2013 CCA LEXIS 644, 2013 WL 3969545 (A.F. Ct. Crim. App. Oct. 5, 2012). The AFCCA characterized the issue as one of unreasonable multiplication of charges and found no such unreasonable multiplication.[1] Elespuru, 2013 CCA LEXIS 644, at *9-*10, 2013 WL 3969545, at *3.

---

[1] Appellant's AFCCA brief and the AFCCA's decision are a reminder for counsel and military judges alike to distinguish accurately between multiplicity and an unreasonable multiplication of charges. See United States v. Campbell, 71 M.J. 19, 23 (C.A.A.F. 2012). Whereas multiplicity addresses double jeopardy principles, unreasonable multiplication is aimed at preventing "prosecutorial overreaching." Id.

### III. DISCUSSION

#### A.

Contrary to his position at trial, Appellant now argues that the Blockburger v. United States elements test requires that this Court dismiss his wrongful sexual contact conviction -- Charge I, Specification 3 -- as a lesser included offense of his abusive sexual contact conviction -- Charge I, Specification 2. See 284 U.S. 299, 304 (1932). "'The prohibition against multiplicity is necessary to ensure compliance with the constitutional and statutory restrictions against Double Jeopardy . . . .'" Campbell, 71 M.J. at 23 (quoting United States v. Quiroz, 55 M.J. 334, 337 (C.A.A.F. 2001)). "Offenses are multiplicious if one is a lesser-included offense of the other." United States v. Leak, 61 M.J. 234, 248 (C.A.A.F. 2005) (internal quotation marks omitted). That determination is made by utilizing the elements test. United States v. Jones, 68 M.J. 465, 470 (C.A.A.F. 2010).

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464 (1938). "There is a presumption against the waiver of constitutional rights," Brookhart v. Janis, 384 U.S. 1, 4 (1966), although "[n]o magic words are required to establish a waiver." United States v. Smith, 50 M.J. 451, 456 (C.A.A.F. 1999). "The determination of whether there has been

6

an intelligent waiver . . . must depend, in each case, upon the particular facts and circumstances surrounding that case . . . ." Johnson, 304 U.S. at 464.

At trial, Appellant asserted that there was an unreasonable multiplication of charges for findings. Since at least Quiroz, a primary factor to be considered in ruling on such a motion is "whether each charge and specification is aimed at distinctly separate criminal acts." Campbell, 71 M.J. at 24 (discussing Quiroz, 55 M.J. at 338). Thus, while addressing the claim of unreasonable multiplication of charges, the military judge and defense counsel expressly considered whether the two offenses were separate criminal acts by discussing whether wrongful sexual contact is a lesser included offense of abusive sexual contact. This inquiry, in turn, expressly referenced the elements test.

Indeed, defense counsel acknowledged that "[t]he elements test [was] not met in this case." Additionally, in response to the military judge's question, "is the specification of wrongful sexual contact [a lesser included offense] of abusive sexual contact?," the defense counsel stated, "I would argue, no." Moreover, Appellant does not contend that the relevant law has changed since trial. Cf. United States v. Henry, 472 F.3d 910, 914 (D.C. Cir. 2007) (recognizing that an intervening change in the law can create an "exceptional circumstance" that overcomes

waiver).  It is thus apparent, under the particular facts of this case, that "'counsel consciously and intentionally failed to save the point and led the trial judge to understand that counsel was satisfied.'"  United States v. Mundy, 2 C.M.A. 500, 503, 9 C.M.R. 130, 133 (1953).  Accordingly, we find that Appellant knowingly waived his right to assert a multiplicity claim on appeal.

B.

While Appellant waived his multiplicity claim, a problem remains.  The Government charged and tried the abusive sexual contact and wrongful sexual contact offenses in the alternative for exigencies of proof,[2] but nonetheless argues on appeal that both convictions should stand.  While the Government's charging strategy was appropriate, we disagree that both convictions may stand.

---

[2] Specification 2 of Charge I asserted that Appellant did,

> on divers occasions engage in sexual contact, to wit: touching with his hands the genitalia and the breast, of [the victim] while she was substantially incapable of declining participation in the sexual contact or communicating unwillingness to engage in the sexual contact.

Specification 3 of Charge I alleged that Appellant did,

> on divers occasions engage in sexual contact with [the victim], to wit:  touching with his hands her genitalia and breast, and such sexual contact was without legal justification or lawful authorization and without the permission of [the victim].

For although the evidence adduced both supports a finding that AEL was substantially incapable of declining participation or communicating unwillingness to engage in the sexual contact, and that, when she had moments of consciousness and lucidity, she made clear that she did not give permission, that was not the Government's theory at trial, although it was the basis upon which the AFCCA affirmed both specifications. Thus, under the facts of this case we disapprove the finding of guilty for wrongful sexual contact.

As was clear from the colloquy with the military judge during the motion on unreasonable multiplication of charges, the Government charged these offenses in the alternative for exigencies of proof because they believed the abusive sexual contact specification was more difficult to prove. See discussion supra p. 4. The Government's appellate counsel acknowledged this strategy, explaining, "the existence of remaining exigencies of proof necessarily required multiple specifications." See Brief for the Government at 2, United States v. Elespuru, No. 14-0012 (C.A.A.F. Dec. 12, 2014). This was a reasonable decision on the Government's part:

> It is the Government's responsibility to determine what offense to bring against an accused. Aware of the evidence in its possession, the Government is presumably cognizant of which offenses are supported by the evidence and which are not. In some instances there may be a genuine question as to whether one offense as opposed to another is sustainable. In such

> a case, the prosecution may properly charge both offenses for exigencies of proof, a long accepted practice in military law.  In cases where offenses are pleaded for exigencies of proof, depending on what the plea inquiry reveals or of which offense the accused is ultimately found guilty, the military judge may properly accept the plea and dismiss the remaining offense.

United States v. Morton, 69 M.J. 12, 16 (C.A.A.F. 2010) (citations omitted).

We have held before that when a "panel return[s] guilty findings for both specifications and it was agreed that these specifications were charged for exigencies of proof, it [is] incumbent" either to consolidate or dismiss a specification. United States v. Mayberry, 72 M.J. 467, 467-68 (C.A.A.F. 2013); accord United States v. Wickware, 73 M.J. __, __ (C.A.A.F. 2014) (order granting review and reversing in part).  Dismissal of specifications charged for exigencies of proof is particularly appropriate given the nuances and complexity of Article 120, UCMJ, which make charging in the alternative an unexceptional and often prudent decision.

Although we set aside the wrongful sexual contact specification, Appellant remains convicted of abusive sexual contact, a crime carrying a higher sentence.  MCM Maximum Punishment Chart app. 12 at A12-4.  Because the military judge merged these specifications for sentencing purposes, we find that, under the facts of this case, Appellant was not prejudiced

with regard to his sentence.  See Elespuru, 2013 CCA LEXIS 644, at *11, 2013 WL 3969545, at *3.

## IV.  DECISION

The decision of the United States Air Force Court of Criminal Appeals is reversed as to Specification 3 of Charge I, but is otherwise affirmed.  The finding of guilty as to Charge I, Specification 3, is set aside and that specification is dismissed.

BAKER, Chief Judge (concurring in part and dissenting in part):

I join Part III.B. of the majority's opinion. As drafted, the specifications charge the same conduct, especially since the Government chose to allege the conduct as having occurred on "divers occasions." That means that the Government was not charging separate and discrete acts as the lower court concluded, but instead incorporated all the acts in question into each specification. In short, as the majority opinion concludes, these two offenses were charged for contingencies of proof. As a result, I agree with the decision to set aside the wrongful sexual contact specification.

However, the Court having set aside the specification at issue, there seems no need to address waiver or to determine whether in this case, wrongful sexual contact was a lesser included offense of abusive sexual contact. Given the legal uncertainty created by our lesser included offense jurisprudence at the time of Appellant's trial, I would not hold in this circumstance that defense counsel knowingly waived the issue of multiplicity. First, there is a presumption against constitutional waiver, which applies in the case of multiplicity founded as it is on double jeopardy. Second, a succession of cases leading up to the time of Appellant's trial provided anything but clarity as to whether or not wrongful sexual

contact was a lesser included offense of abusive sexual contact. See United States v. Arriaga, 70 M.J. 51, 55 (C.A.A.F. 2011) (housebreaking under Article 130, UCMJ, is lesser included offense of burglary under Article 129, UCMJ); United States v. McMurrin, 70 M.J. 15, 18 (C.A.A.F. 2011) (negligent homicide under Article 134, UCMJ, is not lesser included offense of involuntary manslaughter under Article 119, UCMJ); United States v. Girouard, 70 M.J. 5, 9 (C.A.A.F. 2011) (negligent homicide under Article 134, UCMJ, is not lesser included offense of premeditated murder under Article 118, UCMJ); United States v. Alston, 69 M.J. 214, 216 (C.A.A.F. 2010) (aggravated sexual assault under Article 120, UCMJ, is lesser included offense of rape by force under Article 120, UCMJ); United States v. Yammine, 69 M.J. 70, 76-77 (C.A.A.F. 2010) (indecent acts with a child under Article 134, UCMJ, is not lesser included offense of forcible sodomy under Article 125, UCMJ); United States v. Jones, 68 M.J. 465, 473 (C.A.A.F. 2010) (indecent acts under Article 134, UCMJ, is not lesser included offense of rape under Article 120, UCMJ). In such circumstance, it is hard to conclude that any waiver would be knowing even if there had been an affirmative waiver -- but there was not. Finally, the military judge implied that the issue was preserved when he told counsel, "it is reasonable that if there's a conviction on both, both should go up to the Appellate Court to deal with given the

state of the law with Article 120 that we've discussed here."
It is, therefore, little wonder why the parties at trial and the military judge seemed confused about the issue.

Under the circumstances, it is not clear why the majority is reaching so hard to find waiver in a case in which the Court's unanimous decision renders the issue moot.