# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Senior Airman CHARLES R. BRAUN
### United States Air Force

### ACM S32149

### 07 October 2014

Sentence adjudged 3 April 2013 by SPCM convened at Spangdahlem Air Base, Germany. Military Judge: J. Wesley Moore.

Approved Sentence: Bad-conduct discharge, confinement for 4 months, forfeiture of $1010.00 pay per month for 4 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Jeffrey A. Davis.

Appellate Counsel for the United States: Lieutenant Colonel C. Taylor Smith; Captain Richard J. Schrider; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

TELLER, Judge:

The appellant was charged at a special court-martial with four specifications of violating Article 112a, UCMJ, 10 U.S.C. § 912a, including divers wrongful use and distribution of psilocybin mushrooms, divers wrongful use of 3,4-Methylenedioxy-methamphetamine (also referred to as ecstasy or MDMA), and wrongful use of cocaine. The appellant was also charged with one specification of violating Article 134, UCMJ, 10 U.S.C. § 934, by wrongfully smoking "spice."

The appellant entered mixed pleas. He pled guilty to all charges and specifications with the exception of the use of cocaine, instead pleading guilty to the lesser included

offense of attempted use of cocaine.[1]  During the providence inquiry, the military judge found the appellant's plea to divers use of ecstasy improvident as discussed below but entered findings of guilty to divers use of ecstasy over a shorter period of time, as well as attempted use of ecstasy.

A panel of officer members sentenced the appellant to a bad-conduct discharge, confinement for 4 months, forfeiture of $1,010.00 pay per month for 4 months, and reduction to E-1.  The convening authority approved the sentence as adjudged.

The appellant contends the military judge erred by finding the appellant guilty of both divers use of ecstasy and attempted use of ecstasy based on a single specification. Finding the appellant knowingly and intelligently waived this issue at trial, we affirm.

*Background*

The appellant, while stationed at Spangdahlem Air Base, Germany, engaged in the use of a variety of controlled substances.  Shortly after his arrival, the appellant used spice with a staff sergeant and the staff sergeant's wife.  The appellant had an unpleasant reaction to the spice and never used it again.  However, after about 18 months in Germany, the appellant began using other substances obtained across the border in Belgium and the Netherlands.

At first, the appellant used these drugs with Senior Airman (SrA) AF.  In November 2011, SrA AF took the appellant to a store in Amsterdam, the Netherlands, where the appellant bought psilocybin mushrooms that he ingested later that day.  In late December 2011, the appellant began to use ecstasy while attending concerts with SrA AF.  On two occasions, SrA AF bought ecstasy from someone in the crowd for himself and others, including the appellant.  The ecstasy was composed of small crystals the appellant ingested by allowing them to dissolve under his tongue.  After SrA AF was reassigned in January 2012, leaving the appellant without an experienced guide in purchasing ecstasy, the appellant continued to buy and use psilocybin mushrooms that were available in stores, and later distributed them to several friends.

In March 2012, a group of Airmen, including the appellant, attempted to buy ecstasy from a man in Amsterdam.  When they got back to the hotel, they found it was not like the ecstasy they had used before and concluded they were duped.  Based on his own prior use of cocaine, one of the Airmen suggested they were given cocaine instead of ecstasy.  The appellant inhaled the substance but felt only a burning and irritation of his nose and throat, not the euphoric sensation he expected.

---

[1]  The Government then went forward with evidence of cocaine use.  At the close of the prosecution case, the military judge raised and granted his own Rule for Courts-Martial 917 motion and found the appellant not guilty of wrongful use of cocaine.

In September 2012, the appellant and a group of Airmen attended a concert in Bruges, Belgium. The appellant and SrA CB found a man in the bathroom whom they believed was selling ecstasy. The appellant gave SrA CB some money, and SrA CB bought two pills. The appellant took one of the pills, believing it to be ecstasy, but did not feel any of the effects he felt on the previous occasions.

The Air Force Office of Special Investigations (AFOSI) became aware of the alleged drug use and began an investigation. In October 2012, AFOSI brought in several Airmen, including the appellant, for questioning. The appellant made an incriminating statement to AFOSI, leading to the charges in this case.

*Providence Inquiry on Divers Use of Ecstasy*

The specification concerning ecstasy use alleges the appellant "did, at or near continental Europe, on divers occasions between on or about 25 December 2011 and on or about 15 October 2012, wrongfully use 3,4-Methylenedioxymethamphetamine, a Schedule I controlled substance." During the providence inquiry, the appellant described his use of ecstasy, saying:

> I wrongfully ingested ecstasy with [SrA AF] on New Year's Eve 2011 in Ghent, Belgium. On January 13, 2012, I used ecstasy with [SrA AF] in Antwerp in Belgium. Further, in September 2012, I believe I may have used ecstasy with [another Airman] in Bruges, Belgium.

The military judge followed up on each of these instances of ecstasy use. As to the first two uses, the appellant described how he obtained the drug, what it looked like, and how it affected him. He told the military judge:

> I felt great. There was -- I could go up and talk to people. Usually I am [a] very quiet and shy person. And I was making conversations with people I had never met before like I knew them my whole life.

When asked about the third use, the appellant noted the substance was in pill rather than crystal form and "it had no effect on [him] whatsoever." Immediately after this inquiry, the military judge stated:

> Counsel, I would entertain your thoughts on whether that is a provident plea as to the entire date range given that the third use in September of 2012 appears to only be sufficient to support an attempt, and how we might deal with that situation in arriving at findings.

After completing the inquiry with regard to the rest of the offenses, the military judge inquired whether the prosecution intended to go forward with evidence of actual use of ecstasy in September 2012. When the prosecution advised they did not, the military judge recessed the court-martial to prepare his findings based on the appellant's version of events. The recess, including a Rule for Courts-Martial (R.C.M.) 802 session to review the draft findings with counsel, lasted approximately 23 minutes.

After reconvening the court, the military judge summarized the R.C.M. 802 session for the record. His summary indicated he had distributed his proposed findings to both parties and both parties "eventually expressed their understanding" with regard to his plans for the ecstasy specification, as described in greater detail below. Both counsel stated they had no additions or corrections to this summary.

The military judge then announced findings for this specification:

> Guilty; except the words "and on or about 15 October 2012," substituting therefore, the words "and on or about 13 January 2012;" of the excepted words, not guilty, but guilty of attempted wrongful use of 3,4-methylenedioxy-methamphetamine, a Schedule I controlled substance; of the substituted words, guilty.

The military judge further explained this meant the appellant was "guilty of a [sic] divers use of [ecstasy] between on or about 25 December 2011 and on or about 13 January 2012, and guilty of an additional attempted use of [ecstasy] on or about 15 October 2012."[2]

The appellant now contends the military judge improperly found him guilty of "both the charged offense and a lesser included offense of attempt," and asks this court to set aside the finding of guilt to the attempted use specification.

*Waiver*

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. . . . [N]o magic words are required to establish a waiver." *United States v. Elespuru*, 73 M.J. 326, 328 (C.A.A.F. 2014) (internal quotes and citations omitted). Instead, we look at the facts and circumstances contained within the record to determine whether the appellant has provided an intelligent waiver. *Id.*

In this case, the record establishes the appellant knowingly and intelligently waived any objection to the court's procedure and the resultant findings. This was not a

---

[2] Although the appellant argues this constitutes a finding of guilt to two lesser included offenses, it can alternatively be considered de facto severance of a duplicitous specification, and a finding as to each. That alternative is discussed in more detail below.

case where the military judge precipitously entered findings without the opportunity for reflection or comment by trial defense counsel. First, the judge highlighted the issue immediately after it was raised during the inquiry. Later, but before the plea inquiry was complete, the military judge held an R.C.M. 802 conference specifically to discuss the issue. The following colloquy occurred as soon as the court reconvened:

> During the recess we had a very brief RCM 802 session where we discussed the issue of the plea as it relates to the divers use specification, specifically, Specification 2 of Charge I. And I believe *counsel for both sides were in agreement* that I would be able to resolve that issue in announcement of the findings, specifically, that I could find the accused guilty as to a shortened time period as charged and then guilty as to the last date to the lesser included offense of attempted use of MDMA. Counsel, does that correctly summarize our RCM 802 session?
>
> DC: Yes, Your Honor.
>
> TC: Yes, Your Honor.

(emphasis added).

After the providence inquiry was complete, but before announcing findings, the military judge held another R.C.M. 802 conference to review draft findings, including the finding of guilt to both proposed offenses. Trial defense counsel did not object during the summary of that conference for the record, when the findings were announced, or when the panel was informed about those findings.

The military judge also invited the input of counsel regarding how the findings should be reflected on an updated flyer to be provided to the members during the sentencing phase:

> My proposal would be that we produce a second flyer that clarifies what the findings of the court are and basically that we, in the flyer, *reflect a third charge of Article 80 that has both the Specification 3 of Charge I and the additional one use of MDMA, as to which the accused pled guilty only to -- or the accused was found guilty only of the attempt.* To the extent that's not clear we can flesh that out in an [R.C.M. 802 conference]. . . .
>
> Any questions from counsel?
>
> DC: No, Your Honor.

TC:  No, Your Honor.

(emphasis added).  The revised flyer was adopted without objection by trial defense counsel.  The military judge, on his own initiative, instructed the members "the fact that there [is an] additional specification [on the new flyer] does not indicate additional misconduct on the part of the accused."

The finding, and the military judge's careful explanation to the members, dovetailed well with the defense theory of the case.  Trial defense counsel argued the appellant "even admitted to [the members] that he tried to use drugs, but he was unsuccessful.  And that speaks to his integrity."

When a party "consciously refrains from objecting as a tactical matter, then that action constitutes a true 'waiver' which will negate even plain error review." *United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995), *cited in United States v. Campos*, 67 M.J. 330, 332 n.3 (C.A.A.F. 2009)).

The facts of this case lead us to conclude the appellant made a strategic choice to have the original specification split into two specifications.[3]  The additional finding had no impact on the maximum allowable sentence at a special court-martial.  In fact, it reinforced the defense argument to the members that the appellant had already begun his rehabilitation by admitting even to his unsuccessful attempts to use drugs.  The military judge identified the issue for trial defense counsel numerous times on and off the record, and defense counsel agreed with his proposed course of action at every turn.  In light of this, the appellant knowingly and intelligently waived any objection to the military judge's actions.

*Plain Error Analysis*

Even if the circumstances in this case did not constitute a knowing and intelligent waiver, the appellant would only be entitled to relief if the military judge's actions constituted plain error.  *See United States v. Finch*, 64 M.J. 118, 121 (C.A.A.F. 2006) (when trial defense counsel fails to object at trial, we review a military judge's findings by exceptions and substitutions for plain error).  Under plain error review, the appellant has the burden of demonstrating:  "(1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the [appellant]." *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011).  We find the actions of the military judge here did not constitute plain or obvious error as those actions essentially constituted a de facto and permissible severance of the original specification into two specifications.

---

[3]  Notably, this is not a circumstance where the appellant stands improperly convicted of a "greater" and "lesser" offense based on the *same* conduct.  *Cf. United States v. Leak*, 61 M.J. 234, 249 (C.A.A.F. 2005).

Here, the Government elected to combine the appellant's three uses of ecstasy into one specification alleging "divers" uses over a time range. This constitutes a duplicitous specification as it alleges three separate offenses. *See* R.C.M. 307(c)(4) ("Each specification shall state only one offense."); R.C.M. 906(b)(5), Discussion ("A duplicitous specification is one which alleges two or more separate offenses."). However, such consolidation of multiple individual acts into a single specification is permissible. *United States v. Poole*, 26 M.J. 272, 274 (C.M.A. 1988); *United States v. Mincey*, 42 M.J. 376, 378 (C.A.A.F. 1995) (may allege multiple worthless check offenses in a single specification); *United States v. Lovejoy*, 42 C.M.R. 210, 211–12 (C.M.A. 1970); R.C.M. 307(c)(3), Discussion(D)(iv) ("When the acts specified extend[] over a considerable period of time, it is proper to allege . . . them[] as having occurred, for example, . . . 'on divers occasions between' [two particular dates].").  A military accused can move to sever such a duplicitous specification into two or more specifications. R.C.M. 906(b)(5), Discussion.

After the appellant's providence inquiry indicated one of those uses was only an "attempted" use, the military judge proposed a solution that effectively severed the appellant's third use from the original specification and shortened the time period of the original specification. The appellant then was found guilty of a lesser included offense of the severed specification. This is the same process that would have been followed if the appellant had moved to sever the duplicitous specification prior to entering his pleas. In light of that, and given the appellant's consent to the proposal, it was not plain or obvious error for the military judge to undertake this process. *Cf. United States v. Bradley*, 30 M.J. 308, 312–13 (C.M.A. 1990) (Everett, C.J., concurring in part and dissenting in part).

We find this situation can be distinguished from the one that led to our superior court's decision in *Bradley*. In that case, the accused was charged with housebreaking into two buildings in a single specification. Bradley pled guilty to the lesser included offense of unlawful entry into one building and not guilty as to the other. The Government proved up the greater offense as to the second building, but offered no evidence of the greater offense as to the first building. *Id*. at 310. The trial court—in an apparent oversight—found the accused guilty of the original specification alleging housebreaking of both buildings. This court attempted to reform the conviction by creating, on appeal, a new charge and specification alleging only unlawful entry of the first building and then modifying the portion of the initial conviction to remove its reference to the first building.  The Court of Military Appeals found that action to be unauthorized and directed dismissal of the added charge because "normal federal practice for conjunctive pleadings should be applied . . . which would sustain [only] a single modified finding of guilty to the charged offense." *Id.* at 312. Unlike the situation in *Bradley*, however, here the specification was added at the trial level with the consent and knowledge of the appellant. Therefore, the appellant knowingly authorized a process that increased the number of charges of which he was found guilty.  Under these

circumstances, we do not find *Bradley* requires us to set aside the attempted use specification.

Furthermore, even if it was plain or obvious error for the military judge to undertake this process, we find no material prejudice to a substantial right of the appellant. If the military judge had elected to find the appellant's plea provident only as to his two actual uses of ecstasy without also finding him guilty of the third attempted use, evidence of that third effort to use drugs would still have been admissible at his court-martial. *See United States v. Shupe*, 36 M.J. 431, 436 (C.M.A. 1993) (evidence of drug transactions not embraced by the guilty plea were admissible as aggravating circumstances to show the continuous nature of the charged conduct and its full impact on the military community). Also, as noted above, the appellant used this attempted use to his advantage when making his sentencing case to the panel, and the addition of the specification did not increase the potential sentence he faced. In light of this, even if the military judge committed plain or obvious error, the appellant has not demonstrated that he suffered the requisite prejudice to warrant setting aside the attempt specification.

### Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court