# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant HAROLD B. HILL**
**United States Army, Appellant**

ARMY 20130240

Headquarters, U.S. Army Maneuver Center of Excellence
Stephen E. Castlen, Military Judge (arraignment and pretrial motions hearing)
James W. Herring, Jr., Military Judge (pretrial motions hearing and trial)
Colonel James F. Garrett, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Vincent T. Shuler, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Benjamin W. Hogan, JA (on brief).

30 April 2015

--------------------------------
SUMMARY DISPOSITION
--------------------------------

HAIGHT, Judge:

A panel composed of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of willful disobedience of a superior commissioned officer, maltreatment of a subordinate, making a false official statement, and communicating indecent language, in violation of Articles 90, 93, 107, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 890, 893, 907, 934.* The panel sentenced appellant to a bad-conduct discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

---

\* The panel acquitted appellant of attempted rape, aggravated sexual contact, wrongful sexual contact, and assault consummated by battery.

HILL—ARMY 20130240

Appellant's case is now pending review before this court pursuant to Article 66, UMCJ. Appellant raises one assignment of error, which merits discussion and relief. Appellant personally raises multiple issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merits discussion and relief.

*Discussion*

The Specification of Charge V alleges appellant "maltreat[ed] SGT AB, a person subject to his orders, by making inappropriate comments about her buttocks, asking her if she wanted to have sexual intercourse with him, and asking her if she wanted to give him oral sex." Similarly, the Specification of Charge VI alleges appellant, on the same date and at the same location as charged in Charge V, "orally communicate[d] to SGT AB, certain indecent language, to wit: inappropriate comments regarding her buttocks, asking if she wanted to have sexual intercourse with him, and asking if she wanted to give him oral sex . . . ." Appellant was convicted of both the maltreatment and indecent language, but the military judge merged the two offenses for purposes of sentencing, instructing the panel to consider these two specifications as one offense in determining an appropriate sentence.

Appellant now claims the finding of guilty to the charge of indecent language should be set aside. We agree and will grant the requested relief.

At trial, the government not only conceded that the two specifications related to the same misconduct, but declared that the two offenses were charged in the alternative. Accordingly, it is incumbent to set aside one of the specifications. *See United States v. Elespuru*, 73 M.J. 326 (C.A.A.F. 2014).

*Conclusion*

The findings of guilty of Charge VI and its specification are set aside and that charge and specification are DISMISSED. The remaining findings of guilty are AFFIRMED. "Because the military judge merged [Charge V and VI] for sentencing purposes, we find that, under the facts of this case, [a]ppellant was not prejudiced with regard to his sentence." *Id*. at 330. The approved sentence is AFFIRMED.

Senior Judge COOK and Judge TELLITOCCI concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2