# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, D.C. KING, T.H. CAMPBELL**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**ANTHONY M. TORINESE**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS**

**NMCCA 201500129**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 3 December 2014.
**Military Judge**: Col D.J. Daughtery, USMC.
**Convening Authority**: Commanding General, 3d Marine
Logistics Group, Okinawa, Japan.
**Staff Judge Advocate's Recommendation**: Maj N.C. Evans,
USMC.
**For Appellant**: CDR Ricardo Berry, JAGC, USN.
**For Appellee**: CAPT Dale O. Harris, JAGC, USN; LT James M.
Belforti, JAGC, USN.

**5 November 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial
convicted the appellant, pursuant to his pleas, of one
specification of attempted sexual assault of a child; two
specifications of attempted sexual abuse of a child; one
specification of indecent exposure; one specification for
indecent language; and one specification of wrongfully
soliciting a person he believed to be a minor to have sexual

intercourse with him, contrary to Articles 80, 120(c), and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920(c), and 934), respectively.[1]  The military judge sentenced the appellant to confinement for eighteen months, reduction to pay grade E-1, total forfeiture of pay and allowances, and a bad-conduct discharge.  The convening authority approved the adjudged sentence.

The appellant now claims that the three specifications under Article 80 constitute an unreasonable multiplication of charges.  We disagree.  The findings and sentence are correct in law and fact, and we find no error materially prejudicial to the substantial rights of the appellant.  Arts. 59(a) and 66(c), UCMJ.

## Background

Between 29 April and 13 May 2014, the appellant engaged in a series of sexually explicit text messages with "Savannah," who the appellant met through the internet.[2]  During the course of their conversations, Savannah told the appellant that she was fifteen years old.  Nonetheless, the appellant continued to engage in text conversations with her, including one in which the appellant asked Savannah to have sex with him, serving as the basis for Specification 1 of Charge I.[3]  In another electronic conversation, the appellant sent her a picture of his exposed penis and used explicit language to encourage Savannah to masturbate.  These two offenses, committed in the same electronic conversation, served as the basis for Specifications 2 and 3 of Charge I.[4]

---

[1] After findings, the military judge granted the defense motion to conditionally dismiss Charges II and III for unreasonable multiplication of charges.

[2] "Savannah" was actually a Master-at-Arms Second Class working undercover for the Naval Criminal Investigative Service.

[3] Charge I: Violation of UCMJ, Article 80:

Specification 1: In that [the appellant] Corps, while on active duty, did, on or near Camp Foster, Japan, between on or about 29 April 2014 and on or about 13 May 2014, attempt sexual assault of a child, by requesting, encouraging and directing an individual, who [he] believed had not attained the age of sixteen years, to have sexual intercourse with him.

[4] Charge I: Violation of UCMJ, Article 80:

    Specification 2: In that [the appellant], while on active duty, did, on or near Camp Foster, Japan, between on or about 29 April 2014 and on or about 13 May 2014, attempt sexual abuse of a child, by committing a

Before trial, the military judge asked counsel whether there were any issues of unreasonable multiplication of charges. The parties responded in the affirmative, agreeing that although the appellant would plead guilty to all charges and specifications, Charges II and III represented an unreasonable multiplication of charges for sentencing and should therefore be merged. They also agreed that the three specifications of Charge I were separate offenses.[5] Accordingly, trial defense counsel moved to conditionally dismiss Charges II and III. Trial defense counsel did not include Charge I or its specifications in this motion. The military judge reserved ruling on the motion until after findings.

The appellant then pled guilty to all of the charged specifications in accordance with his pretrial agreement. The Government then admitted a stipulation of fact signed by the appellant that set forth facts to support the elements of each of the specifications in question. The stipulation described factual differences between the specifications, specifically describing the first as an attempt to encourage and plan a sexual encounter with Savannah, the second as using language he knew to be indecent with Savannah in an attempt to persuade Savannah to masturbate, and finally the third as deliberately sending Savannah a picture of his exposed genitalia in an effort to persuade Savannah to send him a picture of her in the nude – which all reflected attempts to gratify the appellant's sexual desire.

The judge reviewed these factual distinctions during the *Care* inquiry, specifically asking the appellant to differentiate between Specification 1 of Charge I (attempted sexual assault of a child by requesting, encouraging and directing a minor to have sexual intercourse with him) and Specification 2 of Charge I (attempted sexual abuse of a child by communicating indecent language to a minor). The appellant responded that in the first

---

lewd act, to wit: communicate indecent language, to wit: . . . or words to that effect, with an intent to arouse and to gratify his sexual desire; to an individual, who [he] believed had not attained the age of sixteen years.

Specification 3: In that [the appellant], while on active duty, did, on or near Camp Foster, Japan, between on or about 29 April 2014 and on or about 13 May 2014, attempt sexual abuse of a child, by committing a lewd act, to wit: intentionally exposing his genitalia, with an intent to arouse and to gratify his sexual desire; to an individual, who [he] believed had not attained the age of sixteen years.

[5] Appellate Exhibit III.

he was trying to get Savannah to have sex with him, and in the second, he was trying to encourage her to masturbate.

Satisfied that the appellant was provident, the military judge found him guilty of all charges and specifications. He then granted the defense's motion and conditionally dismissed Charges II and III.[6] The maximum punishment was recalculated to reflect only the three specifications under Charge I. Finally, when asked if he wished the military judge to consider any other matters before sentencing. Trial defense counsel replied, "No, Sir."[7]

## Discussion

The appellant now claims -- for the first time and contrary to his position at trial -- that the three specifications of Charge I constitute an unreasonable multiplication of charges because they were all done for the ultimate purpose of having intercourse with a minor. After reviewing the record and the pleadings of both parties, we find the appellant waived this issue at trial.

Waiver occurs when the appellant "affirmatively, knowingly, and voluntarily relinquishes the issue at trial." *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (citation and internal quotation marks omitted); *see also United States v. Elespuru* 73 M.J. 326, 328 (C.A.A.F. 2014) ("waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege" (citation and internal quotation marks omitted)). Under normal circumstances, issues that are waived at trial are not subject to appellate review. *See United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (noting that when "an appellant intentionally waives a known right at trial, it is extinguished and may not be raised on appeal" (citations omitted)). Whether charges have been unreasonably multiplied is an issue subject to waiver. *See, Gladue*, 67 M.J. at 314 ("[t]he caution against the unreasonable multiplication of charges is not a constitutional imperative . . . [and] a party may knowingly and voluntarily waive such a nonconstitutional right" (citations omitted)).

In determining whether a particular circumstance constitutes waiver "we consider whether the failure to raise the object at the trial level constituted an intentional relinquishment of a known right." *United States v. Campos*, 67

---

[6] *See United States v. Thomas*, 74 M.J. 563, 568-70 (N.M.Ct.Crim.App. 2014) regarding conditional dismissal.

[7] Record at 89.

4

M.J. 330, 332 (C.A.A.F. 2009) (citation omitted). "The determination of whether there has been an intelligent waiver . . . must depend, in each case, upon the particular facts and circumstances surrounding that case[.]" *Elespuru*, 73 M.J. at 328 (citation and internal quotation marks omitted).

We find the appellant waived the issue for which he now seeks appellate review. First, he entered into a pretrial agreement and signed a detailed stipulation of fact discussing the differences between the three specifications now at issue. *See United States v. Jespersen*, 2012 CCA LEXIS 674, *7, unpublished op. (N.M.Ct.Crim.App. 31 May 2012) (per curiam) (holding that the record reflected waiver on the issue of unreasonable multiplication of charges because the appellant entered into a pretrial agreement, signed two detailed stipulations of fact describing the conduct in each specification, pled guilty to the separate specifications, and failed to raise an objection on the issue.) Second, the appellant deliberately excluded the specifications now being challenged from a motion to dismiss other offenses as an unreasonable multiplication of charges, pled guilty to these specifications, and agreed that they were separate, distinct offenses. *See Campos*, 67 M.J. at 333 (the doctrine of waiver applies when the appellant has advance notice of the issue and responds "no" when asked by the military judge whether there are any objections to that issue); *United States v. Gates*, 2002 CCA LEXIS 96, *4-7 (N.M.Ct.Crim.App. 30 Apr 2002) (holding that the appellant waived the issue of multiplicity when he conceded that the charges were separate with distinct elements on the record and then made the "conscious decision" to not object to the issue.); *United States v. Wardenburg*, 2000 CCA LEXIS 313, *9-10, (N.M.Ct.Crim.App. 16 May 2000) (holding that waiver resulted when the appellant was given notice of the possible unreasonable multiplication of charges by the military judge, declined to object, and proceeded to plead guilty). Taken together, we find the appellant's actions at trial are consistent with an affirmative, voluntary, and knowing relinquishment of rights.

Article 66(c), UCMJ, permits us to consider all claims of unreasonable multiplication of charges, even if raised for the first time on appeal. While, we may "properly refuse to apply the doctrine of waiver," *United States v. Evans*, 28 M.J. 74, 76 (C.M.A. 1989), the appellant fails to address, let alone offer any justification for declining to apply the waiver rule, and we find no reason in this case to do so.

**Conclusion**

The findings of guilt and the sentence as approved by the convening authority are affirmed.

For the Court



R.H. TROIDL
Clerk of Court