# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, A.C. RUGH, T.H. CAMPBELL**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**JEFFREY J. COY**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS**

**NMCCA 201600017**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 29 Sep 2015.
**Military Judge:** Maj M.D. Zimmerman, USMC.
**Convening Authority:** Commanding General, 1st Marine Logistics Group, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation:** Maj T.B. Merritt, Jr., USMC.
**For Appellant:** Maj Jason Morris, USMCR.
**For Appellee:** CAPT Dale Harris, JAGC, USN.

**28 June 2016**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, in accordance with his pleas, of violating a lawful order, assault with a means likely to produce death or grievous bodily harm, assault consummated by battery, and disorderly conduct in violation of Articles 92, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928, and 934, and sentenced him to 14 months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence.

The appellant now raises two assignments of error: (1) that the CA's action fails to accurately reflect the appellant's plea of "Not Guilty" to Additional Charge I and its sole specification; and (2) that the CA failed to suspend confinement in excess of 11 months as required by the pretrial agreement. The Government concedes the errors, and we agree.

Although not raised by the appellant, we note that the CA's action also fails to accurately reflect that the military judge merged Specification 2 of Additional Charge II with Specification 1 of Additional Charge II and conditionally dismissed Specification 1 of Charge III—both actions taken by the military judge to remedy an unreasonable multiplication of charges for findings.[1]

**Discussion**

Both the staff judge advocate's recommendation and the report of results of trial correctly articulated the suspended confinement benefit the appellant was to receive from his pretrial agreement, and the CA implicitly acknowledged that benefit when he deferred all confinement in excess of 11 months from the date of sentencing until the date of his action. At the same time, the appellant does not allege that he served any confinement in excess of 11 months. As a result, we are "left with an abiding conviction that" the CA's omission here "was entirely inadvertent." *United States v. Cox*, 46 C.M.R. 69, 72 (C.M.A. 1972) (quoting *United States v. Braxton*, 27 C.M.R. 124, 125 (C.M.A. 1967)).

Regardless, "[a]n accused who pleads guilty pursuant to a pretrial agreement is entitled to the fulfillment of any promises made by the Government as part of that agreement." *United States v. Engel*, No. 201100512, 2011 CCA LEXIS 555, at *1, unpublished op. (N.M.Ct.Crim.App. 28 Dec 2011) (per curiam) (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971); *United States v. Smith*, 56 M.J. 271, 272 (C.A.A.F. 2002)). Here, the CA erred by failing to implement the terms of the pretrial agreement. When such an error occurs, we will enforce the agreement. *Id.* at *2.

Otherwise, we are satisfied that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ. The findings and the sentence are affirmed.

Regardless, servicemembers are entitled to records that correctly reflect the results of court-martial proceedings. *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998). Therefore, the supplemental court-martial order shall correctly reflect that all confinement in excess of 11 months is suspended for a period of 12 months from 11 January 2016; that the appellant pleaded "Not Guilty" to Additional Charge I and its sole specification; that Specification 2 of Additional Charge II was merged with Specification 1 of Additional

---

[1] *See United States v. Thomas*, 74 M.J. 563, 568 (N.M.Ct.Crim.App. 2014) (instructing that when a panel returns guilty findings for multiple specifications charged for exigencies of proof, it is incumbent upon the military judge either to consolidate or dismiss the contingent specification, not merely merge them for sentencing purposes) (citing *United States v. Elespuru*, 73 M.J. 326, 329-30 (C.A.A.F. 2014)).

Charge II as an unreasonable multiplication of charges; and that Specification 1 of Charge III was conditionally dismissed as an unreasonable multiplication of charges.

For the Court

R.H. TROIDL
Clerk of Court