# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant JUSTIN M. GURCZYNSKI**
**United States Army, Appellant**

ARMY 20140518

Defense Language Institute Foreign Language Center and Presidio of Monterey
Douglas K. Watkins, Military Judge (arraignment)
Jeffrey D. Lippert, Military Judge (trial)
Lieutenant Colonel Tiernan Dolan, Staff Judge Advocate

For Appellant: Captain Amanda R. McNeil Williams, JA; Mr. James R. Trieschmann, Esquire (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major John K. Choike, JA; Captain Scott L. Goble, JA (on brief).

31 August 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of false official statement, in violation of Article 107, Uniform Code of Military Justice, 10 U.S.C. § 907 (2006 & Supp. V 2012) [hereinafter UCMJ]. The military judge convicted appellant, contrary to his pleas, of two specifications of taking indecent liberties with a child and two specifications of abusive sexual contact with a child, in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2006 & Supp. IV 2011).[1] The military judge sentenced appellant to a bad-conduct discharge, confinement for forty months, forfeiture of all

---

[1] The military judge found appellant not guilty, in accordance with his pleas of one specification each of attempted lewd act with a child and child endangerment in violation of Articles 80 and 120, UCMJ.

pay and allowances, and a reduction to the grade of E-1. The convening authority approved the sentence as adjudged.[2]

This case is before us for review pursuant to Article 66, UCMJ. Appellant assigns five errors, one of which merits discussion and relief.

Appellant argues that the military judge erred by not merging Specifications 2 and 4 of Charge II for findings because the government stated these specifications were charged in the alternative and they arose from the same criminal act. The government concedes this point, as well as the appropriateness of dismissing Specification 4 of Charge II, in its brief. Our superior court has unambiguously stated that when specifications are charged in the alternative for exigencies of proof and a panel or military judge returns guilty findings for both, the military judge must either "consolidate or dismiss a specification." *United States v. Elespuru,* 73 M.J. 326, 329 (C.A.A.F. 2014). Because the crimes of abusive sexual contact with a child and indecent liberties with a child are statutorily separate crimes, we dismiss the specification of taking indecent liberties with a minor.

**CONCLUSION**

Specification 4 of Charge II is set aside and DISMISSED. The remaining findings of guilty are AFFIRMED.

We note that the military judge merged Specifications 2 and 4 of Charge II for purposes of sentencing. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we AFFIRM the sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] Appellant pleaded guilty to false official statement without a pretrial agreement.

2