# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist BRANDON C. PATTERSON**
**United States Army, Appellant**

ARMY 20150325

Headquarters, Fort Hood
Rebecca K. Connally, Military Judge
Colonel Ian G. Corey, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Melissa R. Covolesky, JA; Captain Ryan T. Yoder, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA;  Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief).

4 January 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of rape of a child and forcible sodomy, in violation of Articles 120b and 125 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920b, 925 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to be dishonorably discharged, to be confined for sixteen years, and to be reduced to the grade of E-1.  In accordance with a pretrial agreement, the convening authority approved only so much of the adjudged sentence as provided for a dishonorable discharge, confinement for ten years, and reduction to E-1.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises one issue, which merits discussion and relief.  We have considered the matters personally submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); they lack merit.

The Specification of Charge I (rape of a child) and the Specification of Charge II (forcible sodomy) arose from one sexual act appellant committed upon his

four-year old daughter. Trial counsel informed the military judge that the government made this charging decision based on exigencies of proof. The military judge merged the Specifications of Charges I and II for sentencing purposes. Appellant now asserts that both specifications were one criminal act and asks this court to dismiss the Specification of Charge II. The government concedes an unreasonable multiplication of charges, but argues the correct remedy is to conditionally dismiss Charge II and its Specification.

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial [hereinafter R.C.M.] 307(c)(4). When specifications are charged in the alternative for exigencies of proof, it is the military judge's responsibility to consolidate or dismiss a specification. *United States v. Elespuru*, 73 M.J. 326, 329 (C.A.A.F. 2014). Under the facts of this case, the Specification of Charge II constitutes an unreasonable multiplication of charges with the Specification of Charge I. We will therefore provide relief in our decretal paragraph.

In *United States v. Sales*, our superior court set forth the standard for sentence reassessment: "if the [service] court can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error . . . ." 22 M.J. 305, 308 (C.M.A. 1986). After conducting a thorough analysis on the basis of the entire record and in accordance with the principles articulated in *Sales* and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident in our ability to reassess appellant's sentence without the need for a rehearing.

Because the military judge merged the Specification of Charge I with the Specification of Charge II for sentencing, we are confident she would have adjudged the same sentence absent the error noted, and the convening authority would have approved the same sentence absent that error. We also conclude, pursuant to Article 66, UCMJ, that such a sentence is not inappropriately severe for the remaining finding of guilty; the gravamen of the offense and aggravation evidence remain unchanged.

## CONCLUSION

The findings of guilty of the Specification of Charge II and Charge II are set aside and DISMISSED. The remaining findings of guilty and the sentence are AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored. *See* UCMJ art. 75(a).

Senior Judge CAMPANELLA and Judge HERRING concur.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court