# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class MICHE C. GIBBS**
**United States Army, Appellant**

ARMY 20160325

Headquarters, 82d Airborne Division
Richard J. Henry, Military Judge
Colonel Dean L. Whitford, Staff Judge Advocate (pretrial)
Colonel Travis L. Rogers, Staff judge Advocate (post-trial)

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Matthew L. Jalandoni, JA (on brief)

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief)

23 October 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of sexual assault by bodily harm and sexual assault when he knew or reasonably should have known the victim was asleep or otherwise unaware in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012 & Supp. I 2014). The military judge sentenced appellant to a dishonorable discharge, confinement for one year, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before the court for review pursuant to Article 66, UCMJ. Appellant raises three assignments of error; one of which warrants discussion and relief.[1]

---

[1] We have considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

Appellant and a group of soldiers and civilians drove to Myrtle Beach to have some fun. Seven of them planned on sharing a hotel room. After an evening of drinking alcohol and dancing in nightclubs, the group returned to the hotel. AP and her husband were given one bed and appellant was assigned to sleep on a pallet at the foot of the bed. Appellant woke AP and asked if he could sit on the bed to watch television. AP agreed and went back to sleep. She later woke up and felt appellant's hand inside her vagina. The next day, AP told her sister-in-law and eventually her husband about the incident. The government charged appellant with two specifications of sexual assault.

At trial, appellant was convicted of the following specifications:

Specification 1: In that [appellant], did, at or near Myrtle Beach, South Carolina, on or about 17 August 2014, commit a sexual act upon Ms. [AP], to wit: penetrating her vulva with his fingers, by causing bodily harm to her, to wit: spreading her legs apart with his hand.

Specification 2: In that [appellant], did, at or near Myrtle Beach, South Carolina, on or about 17 August 2014, commit a sexual act upon Ms. [AP], to wit: penetrating her vulva with his fingers, when the [appellant] knew or reasonably should have known that Ms. [AP] was asleep and otherwise unaware that the sexual act was occurring.

Appellant argues these specifications were either charged for exigencies of proof or constitute an unreasonable multiplication of charges. Based on the facts of this case, we agree the specifications were charged for exigencies of proof and, therefore, provide relief in our decretal paragraph.

The government may properly advance in its charging decision alternative theories of criminal liability in response to a single act. *See United States v. Jones*, 68 M.J. 465, 472-73 (C.A.A.F. 2010) ("[T]he government is always free to plead in the alternative."). In the final analysis, however, when an appellant is convicted of two specifications charged in the alternative for exigencies of proof, both convictions cannot stand. *United States v. Elespuru*, 73 M.J. 326, 329-30 (C.A.A.F. 2014) ("Dismissal of specifications charged for exigencies of proof is particularly appropriate given the nuances and complexity of Article 120, UCMJ, which make charging in the alternative an unexceptional and often prudent decision.").

**CONCLUSION**

The finding of guilty of Specification 1 of The Charge is set aside and that specification is dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the military judge would have adjudged the same sentence absent the error since he expressly merged both specifications for sentencing. Therefore, the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court