# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, PENLAND, and MORRIS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class LAKEEVA K. SWINT**
**United States Army, Appellant**

ARMY 20230037

Headquarters, 25th Infantry Division and Army Hawaii
Michael E. Korte, Military Judge
Colonel Christopher E. Martin, Staff Judge Advocate

For Appellant: Major Robert W. Rodriguez, JA; Jonathan F. Potter, Esquire (on brief); Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert W. Rodriguez, JA; Jonathan F. Potter, Esquire (on brief on specified issues).

For Appellee: Colonel Christopher B. Burgess, JA; Major Timothy R. Emmons, JA (on brief on specified issues).

17 July 2024

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

Appellant submitted this case to this court on its merits and asserted no issues. Responding to our order for briefing, appellee asserted that Specification 1 of Charge I (larceny) and Specification 1 of Charge II (dishonorably failing to pay a debt) were charged in the alternative, and both parties asserted that Specification 1 of Charge II should be dismissed.[1] We agree with the parties and grant relief in our decretal paragraph below.

---

[1] The Statement of Trial Results, as incorporated into the Judgment of the Court, is amended to reflect the response to block 31 as "No."

## BACKGROUND

A military judge sitting as a special court-martial convicted appellant, contrary to her pleas, of one specification of larceny and two specifications of dishonorably failing to pay a debt, in violation of Articles 121 and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 921, 934. The military judge sentenced appellant to a bad-conduct discharge, thirty days of confinement[2], three months of hard labor without confinement, and reduction to the grade of E1.

Appellant applied for a personal loan in the amount of $9,500 from Pearl Hawaii Federal Credit Union by providing false information to include a false social security number, a false amount of income, and a falsified leave and earnings statement. Upon approval of the application, appellant withdrew the total amount of the loan in cash and ceased all communication with the bank. After roughly four months of failed attempts to contact appellant, the credit union determined the debt was no longer collectible and sent the debt to a third-party collection agency.

Appellee, in their brief to this court, asserted Specification 1 of Charge I (larceny) and Specification 1 of Charge II (dishonorably failing to pay a debt) were charged in the alternative for exigencies of proof and that Specification 1 of Charge II should, therefore, be dismissed.

## LAW AND DISCUSSION

"[W]hen a [factfinder] returns guilty findings for both specifications and it was agreed that these specifications were charged for exigencies of proof, it is incumbent either to consolidate or dismiss a specification." *United States v. Elespuru*, 73 M.J. 326, 329 (C.A.A.F. 2014) (citing *United States v. Mayberry*, 72 M.J. 467, 467-68 (C.A.A.F. 2013)) (cleaned up). We agree with appellee that the government is free to charge a single act under two theories in the alternative for exigencies of proof. Here, as in *Elespuru*, appellee agreed the specifications were charged in the alternative and, as appellant is convicted of both offenses, dismissal of one offense is necessary.

## CONCLUSION

The finding of guilty for Specification 1 of Charge II is DISMISSED. The remaining findings of guilty are AFFIRMED. The sentence to thirty days of

---

[2] The military judge sentenced appellant to be confined as follows: Specification 1 of Charge I: thirty days, Specification 1 of Charge II: thirty days, Specification 2 of Charge II: fifteen days. All sentences to confinement were to run concurrently

confinement for Specification 1 of Charge II is SET ASIDE. The remainder of the sentence is AFFIRMED.[3]

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

---

[3] Having considered the entire record, including the fact appellant received segmented sentences to confinement for each specification of which she was convicted, we are able to reassess the sentence in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305, 307-308 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). Our reassessment is aided by the segmented sentence to thirty days of confinement for the dismissed specification. Reassessing the remainder of the sentence in light of the imposition of fifteen and thirty days of confinement, running concurrently, for the remaining offenses, we are confident the military judge would have imposed a bad-conduct discharge, three months of hard labor, and reduction to the grade of E1 even absent the dismissed conviction.